JEFFREY STEINBORN, PLLC
Jeffrey Steinborn
P.O. Box 78361
Seattle, Washington  98178
(206) 622-5117
js@surlaw.com

Attorney for Defendant Bamber

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

UNITED STATES OF AMERICA,

               Plaintiff,

      v.

CHRISTIAN BAMBER,

               Defendant.

No.  CR 13-50-BLG-DWM

DEFENDANT'S SENTENCING
MEMORANDUM

COMES NOW, the defendant, by his Attorneys Jeffrey Steinborn and

Sandy Selvey, and respectfully submits the following Sentencing

Memorandum.

## I. INTRODUCTION

This case calls upon the court to strike the balance between finding a

sentence that is long enough to reflect the seriousness of the offense, yet not

DEFENDANT'S SENTENCING
MEMORANDUM - 1

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F

so long as to crush any hopes this young impressionable defendant might
have to become a productive participating citizen.

## II. OFFENSE CONDUCT

### *Errors in the Sentencing Memorandum which affect guidelines calculation*:  *Quantity and identity of drugs*

Mr. Bamber did not supply any cocaine to Mr. Green at any time after late February or early March of 2012.

Mr. Green claims that the methamphetamine he possessed on June 5 was Mr. Bamber's. This is not true. Mr. Bamber never dealt in methamphetamine. Further, since Mr. Bamber realized that he had sold cocaine to an informant in "late February," he left Montana and did not return to Montana until late July. (Mr. Bamber recalled this as late February. However discovery reveals that this incident took place on March 8, 2012.) He had no contact with Mr. Green, Jr. after that time. Considerable evidence supports Mr. Bamber's statements here:

- Precious Anderson, stated that "Green Jr. may have stopped getting supplied by Bamber . . . ." (See her statement in FD-302 39, 10/22/2012, attachment A).  Ms. Anderson also stated that she knew only of cocaine transactions between Mr. Bamber and Mr. Green. Her statements corroborate Bamber's statements that he had ceased contact with Green, and that he did not supply Green with methamphetamine.

DEFENDANT'S SENTENCING
MEMORANDUM - 2

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F

- Kinsey Miner (FD-302 48 I3.202.13 attachment B) states that Green was getting his meth from Reyna, and that she had heard that "Meeks" (Bamber) had been "cut off."
- Telephone records seized from Mr. Green (see FD 302 15 attachment C) should confirm this lack of contact. Mr. Bamber does not have access to these records.
- When the vehicle and hotel room of Marin and Salazar were searched in Billings on June 22, 2012, Mr. Bamber was not present. (See Report 05, attachment D).
- When Mr. Bamber's hotel room and vehicle were searched on July 27, neither amphetamine nor firearms were recovered.
- Mr. Bamber had not been seen by the landlord at his Billings apartment since the end of February or early March 2012. (See FD-302 33, 10.22.12, attachment E.)

Mr. Bamber believes that some of the other participants continued to traffic in cocaine and methamphetamine after the March 8 incident, and that they falsely claimed to be working for him, while, in fact, going around him.

Green told at least three inconsistent stories. According to the report from Probation, Mr. Green stated that he purchased methamphetamine from Mr. Bamber for the previous 4 years. (Page 6, paragraph 10). The report of the interview of Mr. Green on June 6, 2012 states that "Green had been obtaining drugs from [Bamber] for about 1.5 to 2 months." (See, FD 302 01,

DEFENDANT'S SENTENCING
MEMORANDUM - 3

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F

6/13/2012, attachment F).  When interviewed five months later, Mr. Green changed his statement suggesting that he had been engaged in drug trafficking with Mr. Bamber since late 2010 or early 2011. Mr. Green, Jr., is not a reliable source of information.

### *Errors in the Sentencing Memorandum which do not affect guidelines calculations:*

At page 6 paragraph 13 of Probation's report:

This is a fabrication by Green. Mr. Bamber never trafficked in methamphetamine, and never used the code words "two dogs and a pup."

Page 6 paragraph 15:

This is partly true and partly fabrication. Mr. Bamber never concealed drugs in tires, and never used peppers and sauce to conceal the smell.

Page 9, paragraph 31:

Mr. Bamber did not continue to sell drugs to Dani Brown after the March 8 incident, shortly after which he heard that she was cooperating with law enforcement.

Page 9 paragraph 33:

Mr. Bamber brought Mr. Marin on only one occasion. He believes that Mr. Marin then began his own drug business distributing drugs from sources other than Mr. Bamber in Billings.

Page 15, paragraph 57:

This matter was dismissed because the police made a mistake in their report.  Kyle Conard, the victim of the assault, was his friend and he did not assault him. Mr. Bamber's public defender contacted Mr. Conard and they determined that the assault was not done by Mr. Bamber. Mr. Bamber

DEFENDANT'S SENTENCING
MEMORANDUM - 4

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F

maintained his friendship with Mr. Conard after the incident. This entire reference should be stricken as it has the potential to affect Mr. Bamber's classification based upon unreliable sources.

### III. GUIDELINES AND OFFENSE LEVEL CALCULATION

This computation should begin at level 26 based upon a minimum level of "five hundred grams or more" of cocaine as referenced in the Plea Agreement. At the highest, this should be level 30, based upon 9.4 pounds or 4.3 kilograms as estimated by Mr. Bamber. This would result in a total offense level of 23, if the base level is 26. If the if the base level is 30, this would result in a total offense level of 27.

We calculate the above as follows:

The plea agreement specifies simply that the total amount was "500 grams or more." This would give a Base Offense level of 26. We do not suggest that by this language the United States bound itself to agree to no more than that amount. Nevertheless, this forms the starting point. No reliable evidence supports a higher level.

Mr. Green's approximation should not be used to calculate the relevant quantity here. Officer Robinson's opinion that Mr. Green is "reliable and credible" is not consistent with what is known about Mr. Green, including his attempt at flight when confronted by law enforcement, his initial denial of wrong doing, (see his statement at Attachment F), and his changing story regarding his involvement with Mr. Bamber. "Unreliable statements shall not be considered." *Commentary* to USSG Sec. 6A1.4.

Even were he reliable, his statement is at best an approximation by its own terms.

DEFENDANT'S SENTENCING
MEMORANDUM - 5

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F

Mr. Bamber delivered an ounce of cocaine to a cooperating individual.  Other than that, the only reliable evidence of the total amount of cocaine in this conspiracy comes from Mr. Bamber. He has done his best to reconstruct in detail the amount of drugs that he is responsible for.  He dealt only in cocaine, never methamphetamine. He has estimated that he brought to Montana a total of about 9.4 kilograms of cocaine. Nothing in the proffer agreement or plea agreement allows the government to avoid the prohibitions of USSG 1B1.8.  His proffer should not be used to calculate the total offense level.

## IV. CONCLUSION

Should the government file a 5k motion, a sentence of 36 months meets the needs of 18 USC 3553 as applied here. Absent a 5k motion this court must sentence Mr. Bamber to at least 60 months.  That is sufficient.

RESPECTFULLY SUBMITTED, this 13th day of January, 2014.

Christian Bamber, represented by;
JEFFREY STEINBORN, PLLC
s/ Jeffrey Steinborn, PLLC
P.O. Box 78361
Seattle, Washington 98178
206-622-5117 ;  206-399-3405
js@surlaw.com

DEFENDANT'S SENTENCING
MEMORANDUM - 6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of January, 2014, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the Plaintiff (s) and Defendant(s) and to;

Michael S. Lahr, Assistant United States Attorney.

I hereby certify that I have served any other parties of record that are non CM/ECF participants via Tele-fax/US postal mail.

Dated this 13th day of January, 2014.

s/Tracee Tomich
Tracee Tomich, Legal Assistant
JEFFREY STEINBORN, PLLC
Counsel for Defendant Bamber
P.O. Box 78361
Seattle, Washington 98178
P: 206-622-5117; F 206-399-3405
Email: traceejean@surlaw.com

DEFENDANT'S SENTENCING
MEMORANDUM - 7

JEFFREY STEINBORN, PLLC
P.O. BOX 78361
SEATTLE, WASHINGTON 98178
(206) 622-5117 : 206-399-3405 F